SEWALL F. PARCHER *vs.* JESSE P. BUSSELL, Administrator.

The decree of the court of probate, duly allowing the final account of an administrator, cannot be impeached in an action at law against the administrator, for services rendered the deceased. Any objections to such account should be raised by appeal to the supreme court of probate.

THOMAS, J. This case was assumpsit against an administrator for services rendered in the last sickness of the defendant's intestate. The defence was the general issue, and under it a specification of *plene administravit.*

Evidence was offered by the plaintiff to show the performance of the services, their value, and notice to the defendant. The defendant produced from the probate court a copy of the inventory filed by him and of his first account of administration, approved and allowed by said court. From these, it appeared that the estate, consisting of a single item of cash, $75, was exhausted in paying the funeral expenses of the deceased. Of the settlement of this account, the plaintiff had legal notice. The decree of the probate court having exclusive jurisdiction of the subject-matter, after due notice to all persons interested is conclusive, except on appeal to this court.

The plaintiff contended that the inventory and account being made by the defendant, ought not to affect the plaintiff. It is not the filing of the account which affects the plaintiff. It is the allowance of that account by the decree of a court having jurisdiction of the subject and of the parties. The plaintiff offered to show that the defendant had not filed a full inventory of the estate of the deceased. The court of common pleas was not the forum for that purpose.

The plaintiff sought to impeach the defendant's account of administration, and offered to prove that the funeral expenses

ncurred were not necessary, and requested the court to submit to the jury the question, whether such expenses were or were not necessary. The court rightly declined to do so, on the ground that the decree of the probate court had determined that such expenses were necessary, and, that that decree could be revised only on appeal to this court, sitting as the supreme court of probate.

The written argument submitted by the counsel for the plaintiff, discusses several questions we have not thought it necessary to consider, because they are not open on the exceptions. *Exceptions overruled.*

*D. Morgan,* for the plaintiff.

*A O. Allen,* for the defendant.